# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT BENCHOFF,<br><br>                 Plaintiff<br><br>v.<br><br>MATTHEW FOGAL AND DOUGLAS HERMAN,<br><br>                 Defendants | CIVIL ACTION NO. 1:13-CV-01216<br><br>(KANE, J.)<br>(MEHALCHICK, M.J.) |

## REPORT AND RECOMMENDATION

Plaintiff Robert Benchoff is an inmate currently incarcerated at SCI-Camp Hill and is proceeding *pro se*. Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging violations of the Due Process clause of the Fourteenth Amendment, the right to Freedom of Association and Access to the Courts, and the Ex Post Facto clause of Article I, Section 10 of the United States Constitution. (Doc. 1). Plaintiff has named as Defendants President Judge Douglas Herman of the Court of Common Pleas of Franklin and Fulton Counties, and Matthew Fogal, District Attorney of Franklin County. Pending before this Court are Defendants' Motions to Dismiss. Having been fully briefed, these motions are ripe for disposition.

I. **BACKGROUND AND PROCEDURAL HISTORY**

On December 13, 1995, Plaintiff was sentenced on two counts of Interference of Custody of Children and one count of burglary. (Doc. 1, Compl. ¶ 8). The sentences included orders prohibiting Plaintiff from contacting his children and his sister-in law without further

order of the court. (Doc. 1, Compl. ¶¶ 9-11, Ex. H). Plaintiff appealed to the Superior Court of Pennsylvania and was resentenced on March 10, 1998 by Defendant Judge Herman for the burglary conviction. Plaintiff was resentenced with an order prohibiting Plaintiff from contact with his children and sister-in law. (Doc. 1, Compl. ¶ 13).

On March 4, 2004, Plaintiff filed a Petition pursuant to the Pennsylvania Post-Conviction Relief Act ("PCRA"), alleging violations of his constitutional rights and requesting modification of the sentencing orders to permit contact with his children. (Doc. 1, Compl. ¶ 33, Ex. H). The Commonwealth stated that the Petition was untimely. (Doc. 1, Compl. Ex. H). The PCRA Court appointed counsel for Plaintiff. In July 2004, the District Attorney was informed that none of the children wished to have any contact with Plaintiff. (Doc. 1, Compl. Ex. H). Plaintiff's appointed counsel subsequently filed a Motion to Withdraw and also filed a "no-merit" letter in Plaintiff's case. (Doc. 1, Compl. Ex. H). On November 2004, the trial court dismissed the PCRA for lack of jurisdiction. (Doc. 1, Compl. Ex. F). The dismissal was not appealed by Plaintiff.

On March 30, 2010,[1] Plaintiff filed a *pro se* motion for extraordinary relief and requested that the no contact order be lifted from his sentence. (Doc. 1, Compl. ¶ 35). The Court treated Plaintiff's motion as a motion for modification of sentence or in the alternative, a PCRA petition. Defendant Judge Herman denied the request for lack of jurisdiction. Plaintiff appealed to the Superior Court of Pennsylvania and the court affirmed the lower court's decision. (Doc.

---

[1] Plaintiff states "on or about March 29, 2010" he filed the Petition. The Court records indicate it was filed with the Court on March 30, 2010. (*See* Doc. 1, Compl. Ex. H).

1, Compl. ¶ 36, Ex H).

On May 6, 2013, Plaintiff filed a complaint pursuant to § 1983 (Doc. 1), alleging Defendants, in their official capacities, denied him of his constitutional rights. Plaintiff seeks declaratory relief, and in the alternative, injunctive relief if declaratory relief is unavailable. Additionally, Plaintiff pursues filing fees, allowable costs, and any other relief that this Court deems proper. On July 8, 2013, Defendant Fogal filed a Motion to Dismiss (Doc. 15) and accompanying Brief. (Doc. 16). On July 17, 2013, Defendant Judge Herman filed a Motion to Dismiss (Doc. 18) and accompanying brief. (Doc. 19).

For the reasons that follow, it is recommended that Defendants' Motions to Dismiss be granted, as this Court does not have subject matter jurisdiction to review Plaintiff's claims. In the alternative, it is recommended that Defendants' Motions to Dismiss be granted on Eleventh Amendment, judicial, and prosecutorial immunity defenses; that Plaintiff's action is barred by the statute of limitations; and that Plaintiff has failed to show that he is entitled to relief under 42 U.S.C. § 1983.

## II. DISCUSSION

### A. LEGAL STANDARD

Defendants have filed a motion to dismiss this complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of Appeals for the Third Circuit has noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), continuing with our

opinion in *Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008) and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1955, 173 L. Ed. 2d 868 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S. Ct. 897, 74 L. Ed. 2d 723 (1983). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In keeping with the principles of *Twombly*, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that,

because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Rather, in conducting a review of the adequacy of a complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. at 679.

Thus, following *Twombly* and *Iqbal* a well-pleaded complaint must contain more than mere legal labels and conclusions. A complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation; it must show that the plaintiff has a "plausible claim for relief." *Fowler*, 578 F.3d at 210-11. These heightened pleading standards apply to all aspects of the Court's threshold analysis of a complaint's legal sufficiency. *Hakeem v. Fisher*, 2010 WL 5463325, at *5 (M.D. Pa. Dec. 1, 2010) *report and recommendation adopted*, 2010 WL 5463134 (M.D. Pa. Dec. 29, 2010).

Additionally, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Thus, the Court will apply this analysis both when assessing the adequacy of the factual

assertions set forth in the complaint, and when examining whether a complaint states a viable cause of action.

### B. THE ROOKER-FELDMAN DOCTRINE

The Court lacks subject matter jurisdiction over Plaintiff's claims under the *Rooker-Feldman* doctrine.[2] This doctrine originated from two Supreme Court opinions, *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983) and *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). Specifically, the *Rooker–Feldman* doctrine holds that a United States District Court has no subject matter jurisdiction to review final judgments of a state court because only the Supreme Court has jurisdiction to review state judgments under 28 U.S.C. § 1257; *Feldman,* 460 U.S. at 482; *Rooker,* 263 U.S. at 416. *Accord Parkview Assocs. P'ship v. City of Lebanon,* 225 F.3d 321, 324 (3d Cir. 2000) ("The *Rooker–Feldman* doctrine is based on the statutory foundation of 28 U.S.C. § 1257 and the well-settled understanding that the Supreme Court of the United States, and not the lower federal courts, has jurisdiction to review a state court decision."). The *Rooker–Feldman* doctrine precludes a federal action if the relief requested in the federal action effectively would reverse the state decision or void its ruling. *FOCUS v. Allegheny County Court of Common Pleas,* 75 F.3d 834, 840 (3d Cir.1996). Moreover, the *Rooker–Feldman* doctrine applies to the decisions of

---

[2] Defendant Judge Herman raises this issue in his Motion to Dismiss; Defendant Fogal does not raise this issue. Regardless of whether it was raised in his Motion to Dismiss, the Court must discuss whether it has jurisdiction to consider a case. *See In re Randall*, 358 B.R. 145, 154 n. 4 (Bankr. E.D. Pa. 2006) (Since the [Rooker-Feldman] doctrine implicates subject matter jurisdiction, its application is non-waivable and can be considered by a federal court, even sua sponte, at any point in the litigation.).

lower state courts. *In re General Motors Corp. Pick Up Truck Fuel Tank Prod's Liability Litigation*, 134 F.3d 133, 143 (3d Cir. 1998); *see also Wagner v. Dist. Attorney Allegheny Cnty., Pa.*, No. 11-762, 2012 WL 2090093, at *3 (W.D. Pa. May 21, 2012) *report and recommendation adopted sub nom. Wagner v. Dist. Attorney of Allegheny Cnty., Pa.*, No. 11-762, 2012 WL 2089799 (W.D. Pa. June 8, 2012), appeal dismissed (Oct. 23, 2012).

A federal district court has no authority to review the propriety of judgments of a state court where the losing state court party complains of injuries from the state court ruling. *Gary v. Braddock Cemetary*, 517 F.3d 195, 201 (3d Cir. 2008). Jurisdiction to review a state court's decision rests in the Pennsylvania appellate courts, and federal district courts lack subject matter jurisdiction over challenges that are the functional equivalent of an appeal of a state court judgment. *Marran v. Marran*, 376 F.3d 143, 149 (3d Cir. 2004). The doctrine is implicated when, "in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render that judgment ineffectual." *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009) (citing *FOCUS v. Allegheny County Court of Common Pleas,* 75 F.3d 834, 840 (3d Cir.1996)). This includes claims alleging the unconstitutionality of state court actions. *See Goodson v. Maggi,* 797 F. Supp. 2d 624, 632 (W.D. Pa. 2011).

The United States Court of Appeals for the Third Circuit has set forth a four-part test to determine whether an action lies within the exclusionary ambit of the *Rooker–Feldman* doctrine. *Tilli v. Ford*, No. 13-4435, 2013 WL 5567701, at *3 (E.D. Pa. Oct. 9, 2013) (citing *Great Western Mining & Mineral Co.,* 615 F.3d 159, 166 (3d Cir. 2010)). Under this test, a federal district court lacks subject matter jurisdiction to hear a plaintiff's claims if: (1) the federal plaintiff lost in state

court; (2) the plaintiff complains of injuries caused by the state court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state court judgments. *Great Western Mining & Mineral Co.,* 615 F.3d at 166. Due to the obvious nature of the first and third prongs, the second and fourth prongs are "the key to determining" whether Plaintiff "presents an independent, non-barred claim." *Great Western Mining & Mineral Co.,* 615 F.3d at 166. In this case, it is clear that Plaintiff's claims satisfy the first and third prongs of the application of the *Rooker-Feldman* doctrine, as Plaintiff lost in state court and filed this federal action after the state court's judgment was entered.

The second prong, whether the plaintiff complains of injuries caused by state court judgments, concerns the source of plaintiff's injury. *Tilli v. Ford*, No. 13-4435, 2013 WL 5567701, at *3 (E.D. Pa. Oct. 9, 2013). The critical task is to identify those federal suits that profess to complain of injury by a third party, but actually complain of injury "produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 167 (3d Cir. 2010) (internal citations omitted).

Here, the source of Plaintiff's injury is the decisions of the Court of Common Pleas, by way of Defendant Prosecutor Fogal and Defendant Judge Herman, to recommend and issue an order denying Plaintiff's PCRA Petition. Granting the injunctive or declaratory relief Plaintiff seeks in this case (namely, to require the Court of Common Pleas of Franklin County to allow Plaintiff a hearing regarding the merits of his sentencing) would require this Court to determine the decision of the Court of Common Pleas and affirmation of the Superior Court of

Pennsylvania were incorrect, which would effectively negate the state courts' judgments. This impermissible review is precisely the type of judicial action forbidden by *Rooker-Feldman*. See *In re Madera*, 586 F.3d at 232.

The fourth prong, whether the plaintiff is inviting the district court to review and reject the state court judgment, is meant to insure that a district court does not overstep its boundaries by reviewing the decision of a state court. *Tilli v. Ford*, No. 13-4435, 2013 WL 5567701, at *4 (E.D. Pa. Oct. 9, 2013) (citing *Great Western,* 615 F.3d at 169). However, the fourth prong is not automatically satisfied when a plaintiff raises a claim for damages that "may require review of state court judgments and even a conclusion that they were erroneous." *Great Western,* 615 F.3d at 173. Rather, *Rooker–Feldman* is invoked to bar a claim where its adjudication would mean that: "(1) the federal court must determine that the state court judgment was erroneously entered in order to grant the requested relief, or (2) the federal court must take an action that would negate the state court's judgment." *Easley v. New Century Mortgage Corp*, 394 Fed. Appx. 946, 948 (3d Cir. 2010) (quoting *In re Knapper*, 407 F.3d 573, 581 (3d Cir. 2005)).

In this case, Plaintiff is essentially asking this Court to conduct a *de novo* review of the state court proceedings related to the application of the PCRA as applied to Pennsylvania law. Plaintiff argues that he is not asking this Court to overrule the state court decisions, but instead is seeking this Court's review of the constitutionality of the PCRA's 1996 provisions and the issue of retroactivity. Plaintiff submits that this is an independent action seeking resolution of ongoing constitutional violations. (Doc. 20, ¶ 4). However, Plaintiff is requesting this Court review the state courts' determination that the PCRA one-year statute of limitations applies to his case. In order to grant relief on Plaintiff's claim, this Court would be required to find that

the state court judgments were invalid and/or entered in violation of law.

Because such a ruling would render the state court judgments ineffectual, this Court does not have subject matter jurisdiction over Plaintiff's action under the *Rooker–Feldman* doctrine. *See Burgos v. McEwan*, 413 Fed. Appx. 469 (3d Cir. 2011) (*sua sponte* dismissing complaint as clearly barred by the *Rooker–Feldman* doctrine); *Van Tassel v. Lawrence County Domestic Relations Sections,* 390 Fed. Appx. 201 (3d Cir. 2010) (affirming district court's *sua sponte* dismissal of complaint under *Rooker–Feldman*); *White v. Rabner,* 349 Fed. Appx. 681 (3d Cir. 2009) (affirming district court's *sua sponte* dismissal of complaint under *Rooker–Feldman*). As such, the Court recommends the dismissal of Plaintiff's claims under the *Rooker-Feldman* doctrine.

    C. <u>Eleventh Amendment Immunity</u>

In the alternative, if this Court does have jurisdiction over Plaintiff's claims, Defendants Judge Herman and Fogal have immunity as to claims in their official capacity for monetary relief, and in their individual capacities.[3]

Plaintiff sues Defendants Judge Herman and Fogal in their official capacities. A suit against a state official in his official capacity is deemed a suit against the state. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). When a state official is sued in an official capacity, the United States Supreme Court has held that the real party in interest is the government entity of which the official is an agent. *Hafer v. Melo*, 502 U.S. 21, 26 (1991). Plaintiff's official capacity suit against Defendants is therefore a suit against the Court of Common Pleas of Franklin

---

[3] Although Plaintiff does not allege claims against Defendants in their individual capacities, the Court will construe Plaintiff's complaint liberally and will consider Plaintiff's claims as if filed against Defendants in their individual capacities as well.

County, a state entity.

A state entity is entitled to Eleventh Amendment immunity.[4] The Eleventh Amendment to the United States Constitution acts as a bar to actions in federal court regarding suits against states, state agencies, and a state official acting within the scope of their official capacities, regardless of the type of relief sought. *Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985); *see also Pennhurst State School and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Pennsylvania's court system is an entity of the Commonwealth of Pennsylvania entitled to Eleventh Amendment immunity. *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 239-40 (3d Cir. 2005). Because Pennsylvania has not waived its Eleventh Amendment immunity, *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981), the Commonwealth of Pennsylvania is barred by the Eleventh Amendment. Therefore, Plaintiff's claims against Defendants in their official capacities seeking monetary relief are barred by the Eleventh Amendment and subject to dismissal.

D. J<span>UDICIAL</span> I<span>MMUNITY</span>

Judges are immune from liability for all acts taken in their judicial capacities. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006). Judges have absolute judicial immunity for conduct pursuant to their role as judicial officers. *Wallace v. Powell*, No. 09-286, 2009 WL 4051974 (M.D. Pa. Nov. 20, 2009). *See also Stump,* 435 U.S. at 359 ("A judge is absolutely immune from liability for his judicial acts even if his exercise of

---

[4] The Court of Common Pleas are entities of the Unified Judicial System of the Pennsylvania Judiciary and an instrumentality of the Commonwealth. 42 Pa. C.S.A. § 301(4). The Pennsylvania Constitution identifies all state courts as part of the Commonwealth. Pa. Const. Art. V §§ 1, 5, 6(c), 10(a).

authority is flawed by the commission of grave procedural errors."); *Mireles v. Waco,* 502 U.S. 9, 10 (1991) ("Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions without apprehension of personal consequences to himself.'" (internal citations omitted)).

For judicial immunity to apply, two requirements need to be met: jurisdiction over the dispute, and a judicial act. *Wallace v. Powell*, No. 09-286, 2009 WL 4051974, at *7. As to the first, a judge is not immune only when he has acted in the "clear absence of all jurisdiction." *Stump*, 435 U.S. at 349 (citation omitted). Second, judicial immunity extends only to "judicial acts," not administrative, executive, or legislative ones. *Stump*, 435 U.S. at 359.

Plaintiff does not contest that Defendant Judge Herman had jurisdiction over the proceedings, nor does Plaintiff allege that Defendant Judge Herman was acting in a non-judicial capacity or in the complete absence of jurisdiction when he engaged in the alleged misconduct. *Bukovinsky v. Pennsylvania*, 455 Fed. Appx. 163, 165 (3d Cir. 2011) (citing *Figueroa v. Blackburn,* 208 F.3d 435, 443–44 (3d Cir.2000)). Therefore, this Court finds that Defendant Judge Herman had judicial immunity. Accordingly, to the extent that Plaintiff seeks relief from Defendant Judge Herman in his individual capacity,[5] such relief is barred by the doctrine of judicial immunity.

---

[5] Although Plaintiff did not explicitly allege any constitutional violations against Defendant Judge Herman in his individual capacity, the Court construes the complaint liberally and finds that the defendant has judicial immunity. Therefore, allowing Plaintiff to amend his complaint in this regard would be futile. *See Shane v. Fauver,* 213 F.3d 113, 115 (3d Cir. 2000) (It is not necessary to allow Plaintiff to amend where to do so would be futile.).

To the extent that Plaintiff seeks injunctive relief against Defendant Judge Herman, "claims for injunctive relief are likewise subject to the bar of judicial immunity." *Parry v. Westmoreland Cnty.*, 10-1308, 2010 WL 5798101, at *3 (W.D. Pa. Nov. 9, 2010) *report and recommendation adopted*, No. 10-1308, 2011 WL 528743 (W.D. Pa. Feb. 8, 2011). The Federal Courts Improvement Act of 1996 (FCIA) amended 42 U.S.C. § 1983 to extend the reach of judicial immunity to injunctive relief as well as to damages, providing that "injunctive relief shall not be granted" in an action brought against "a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." *Azubuko v. Saris*, 167 Fed. Appx. 317, 318 (3d Cir. 2006) (citing 42 U.S.C. § 1983); *see also Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000); *Kampfer v. Scullin*, 989 F.Supp. 194, 201 (N.D.N.Y. 1997).

In this case, Plaintiff has not alleged a declaratory decree was violated or that declaratory relief is unavailable. Plaintiff seeks to have a hearing on his PCRA petition. "The policies underlying judicial immunity[] indicate the immunity should be granted in a case such as this one where a dissatisfied litigant seeks an injunction compelling a judge to alter his former decision." *Johnson v. State of N.J.*, 869 F. Supp. 289, 294 (D.N.J. 1994). Thus, to the extent Plaintiff seeks injunctive and/or declaratory relief from Defendant Judge Herman, such relief is barred by the doctrine of judicial immunity.

E. P<span style="font-variant:small-caps">rosecutorial</span> I<span style="font-variant:small-caps">mmunity</span>

In the present case, Plaintiff alleges that Defendant Fogal violated his rights when he opposed Plaintiff's PCRA Petition. Defendant Fogal's opposition to Plaintiff's PCRA Petition was done in his capacity as prosecutor. The Plaintiff does not allege that Defendant Fogal

acting maliciously or knowingly deprived him of any of his rights; rather, Plaintiff alleges that Defendant Fogal's denial of his PCRA violated his rights.

It is a well-established principle of law that certain government officials, including prosecutors, are entitled to varying levels of immunity. *Thomas v. Barker*, 371 F. Supp. 2d 636, 639 (M.D. Pa. 2005); *see also Butz v. Economou,* 438 U.S. 478, 507, 98 S. Ct. 2894, 57 L.Ed.2d 895 (1978) (recognizing qualified immunity as a general rule). The law affords prosecutors absolute immunity only when engaged in conduct which is considered essential to their quasi-judicial role, such as presentation of evidence or legal arguments in court. *Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S. Ct. 984, 47 L.Ed.2d 128 (1976). Defendant Fogal's decision to oppose Plaintiff's PCRA Petition was part of his judicial function, and in doing so, he was exercising his discretion as a prosecutor. (*See* Doc. 16, Br. in Supp. at 10). Therefore, Defendant Fogal is entitled to absolute immunity from monetary damages.[6]

F. STATUTE OF LIMITATIONS

Claims brought pursuant to 42 U.S.C. § 1983 are subject to the state statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985). The statute of limitations for a personal injury action in Pennsylvania is two years. 42 Pa. C.S.A. § 5524. A cause of action accrues when the plaintiff knows or has reason to know of the injury that constitutes the basis of the cause of action. *Sameric Corp. of Delaware, Inc. v. City of Philadelphia,*

---

[6] In his Motion to Dismiss, Defendant Fogal does not address whether he would be entitled to immunity for injunctive or declaratory relief. As such, the Court will not address that issue here. However, as noted elsewhere, the Court recommends dismissal of all claims against Defendant Fogal.

142 F.3d 582, 599 (3d Cir. 1998).

Plaintiff is challenging the denial of the two orders issued by Defendant Judge Herman denying Plaintiff's PCRA petition for lack of jurisdiction on November 10, 2004 (Doc. 1, Compl. ¶ 33), and on November 17, 2010. (Doc. 1, Compl. Ex. G). From the record before the Court, it appears Plaintiff learned of the jurisdictional bar to his claims to modify his sentence, at the latest, on November 4, 2010 when Defendant Judge Herman issued an opinion explaining the procedural bar. (Doc. 1, Compl. Ex. F). As such, Plaintiff's § 1983 claims are barred by the applicable statute of limitations.

### G. PLAINTIFF'S CONSTITUTIONAL CLAIMS AGAINST THE PCRA STATUTE

Alternatively, Defendants' Motions to Dismiss should be granted based on failure to state a claim under 42 U.S.C. § 1983. Plaintiff states that his civil rights action is proper because he is not contesting the ruling of the state courts; rather, he submits that he is arguing that the application of the PCRA statute violates his civil rights. Even if this Court were to accept this argument as true, Plaintiff has failed to state a claim upon which relief can be granted.

Plaintiff argues that the Pennsylvania legislature's retroactive enforcement of a one-year statute of limitations for Post-Conviction Relief Act petitions violates the Federal Constitution's bar on ex post facto laws and impermissibly applies the law retroactively. The PCRA one-year statute of limitations does not violate the Federal Constitution's ex post facto clause because that clause applies only to criminal statutes and the PCRA one-year statute of limitations does not constitute a criminal statute. *Barrett v. Patrick*, No. 05-370J, 2006 WL 2077019, at *7 (W.D. Pa. July 24, 2006); *see also Burns v. Morton,* 134 F.3d 109, 111 (3d Cir. 1998) (holding that the one-year grace period after effective date of AEDPA's one-year statute of limitations renders the

statute not retroactive). Therefore, the PCRA's statute of limitations period does not have an impermissible retroactive effect and cannot be found to violate any anti-retroactivity principles contained in the ex post facto guarantee of the United States Constitution. *Barrett v. Patrick*, No. 05-370J, 2006 WL 2077019, at *8.

### III.  RECOMMENDATION

Based on the foregoing, it is recommended that the Court grant Defendants' Motions to Dismiss with prejudice. (Doc. 15; Doc. 18). Specifically, it is recommended

1. That the Court **GRANT** Defendants' Motions to Dismiss with prejudice as this Court lacks subject matter jurisdiction to assess these claims under the *Rooker-Feldman* doctrine;

2. That the Court **GRANT** Defendants' Motions to Dismiss based on Eleventh Amendment, judicial, and prosecutorial immunity defenses;

3. That the Court **GRANT** Defendants' Motions to Dismiss as Plaintiff's civil rights action pursuant to § 1983 is barred by the applicable statute of limitations period; and

4. That the Court **GRANT** Defendants' Motions to Dismiss for failure to state a claim upon which relief may be granted.

BY THE COURT:

Dated: November 4, 2013          *s/ Karoline Mehalchick*
                                 KAROLINE MEHALCHICK
                                 United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT BENCHOFF,

               Plaintiff

v.

MATTHEW FOGAL AND DOUGLAS HERMAN,

               Defendants

CIVIL ACTION NO. 1:13-CV-01216

(KANE, J.)
(MEHALCHICK, M.J.)

## **NOTICE**

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated November 4, 2013.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: November 4, 2013

                                                      *s/ Karoline Mehalchick*
                                                      KAROLINE MEHALCHICK
                                                      United States Magistrate Judge