**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROBERT BENCHOFF,** | : | |
| **Plaintiff** | : | **No. 1:13-cv-01216** |
| | : | |
| **v.** | : | **(Judge Kane)** |
| | : | |
| **MATTHEW FOGAL and DOUGLAS** | : | **(Magistrate Judge Mehalchick)** |
| **HERMAN,** | : | |
| **Defendants** | : | |

## MEMORANDUM

Before the Court is Plaintiff Robert Benchoff's motion for reconsideration of objections

he filed in response to Magistrate Judge Mehalchick's Report and Recommendation.  (Doc. No.

36.)  For the reasons that follow, the Court will deny Plaintiff's motion for reconsideration and

the case will remain closed.[1]

## I.    BACKGROUND[2]

On December 13, 1995, Plaintiff was sentenced on two counts of Interference of Custody

of Children and one count of burglary.  (Doc. No. 25.)  His sentence included an order

prohibiting Plaintiff from contacting his children and his sister-in-law without further order of

the Court.  (Id.)  Plaintiff appealed to the Superior Court of Pennsylvania and was resentenced on

---

[1] The Court observes that Plaintiff has filed a notice of appeal in this matter.  (Doc. No. 30.)  Typically the filing of a notice of appeal automatically transfers jurisdiction from the district court to the appellate court.  Judkins v. HT Window Fashions Corp., 704 F. Supp. 2d 470, 498 (W.D. Pa. 2010) (citing Main Line Fed. Savs. & Loan Assoc. v. Tri-Kell, Inc., 721 F.2d 904, 906 (3d Cir. 1983)).  However, in the case of a motion filed under Rule 60(b), the district court retains jurisdiction to consider and deny, but not grant, the motion.  Judkins, 704 F. Supp. 2d at 498 (citing Fed.R.Civ.P. 62.1(a)(2)).

[2] This background is largely taken from the summary provided by Magistrate Judge Mehalchick in her Report and Recommendation.  (See Doc. No. 25.)

March 10, 1998 by Defendant Judge Herman for the burglary conviction.  (Id.)  His resentencing

included an order prohibiting him from contact with his children and his sister in law.  (Id.)

On March 4, 2004 Plaintiff filed a Petition pursuant to the Pennsylvania Post-Conviction

Relief Act ("PCRA"), alleging violations of his constitutional rights and requesting modification

of the orders to permit him contact with his children.  (Id.)  The Commonwealth stated the

Petition was untimely.  (Id.)  On November 4, 2004 the trial court dismissed Plaintiff's PCRA

for lack of jurisdiction.  (Id.)  On March 30, 2010 Plaintiff filed a motion for extraordinary relief

and requested that the "no contact" order be lifted from his sentence.  (Id.)  The Court treated the

motion as a motion for modification of sentence or, in the alternative, a PCRA petition, and

Defendant Judge Herman denied the request for lack of jurisdiction.  (Id.)  Plaintiff appealed to

the Superior Court of Pennsylvania, which affirmed the lower court's decision.  (Id.)

On May 6, 2013 Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983, alleging that

Defendants Judge Herman and Matthew Fogal, District Attorney of Franklin County,

Pennsylvania, violated his constitutional rights.  (Doc. No. 1.)  Specifically, he asserted that

application of the PCRA's one-year statute of limitations for filing for post-conviction relief

violated the ex post facto clause, as well as his right of access to courts and due process of law.

(Id.)  Defendant Judge Herman is named because he ruled that Plaintiff's PCRA petition was

untimely, and it appears that Defendant Fogal is named because he represented the government

in opposing Plaintiff's petition.  (Id.)  Plaintiff sought declaratory and injunctive relief, asking

this Court to restore the state court's jurisdiction over his petition, which lapsed after Plaintiff's

one-year period for filing a PCRA petition expired.[3]  (Id.) Defendants filed separate motions to

dismiss the complaint for failure to state a claim for which relief may be granted.  (Doc. Nos. 15,

18.)

On November 4, 2013 Magistrate Judge Mehalchick issued a Report and

Recommendation, in which she recommended that the Court dismiss the complaint with

prejudice.  (Doc. No. 25.)  Specifically, she concluded that: (1) the Court lacks subject matter

jurisdiction to assess the claims under the Rooker-Feldman doctrine; (2) Defendants are entitled

to judicial, prosecutorial, and Eleventh Amendment immunity from Plaintiff's suit, (3) Plaintiff's

claims are barred by the applicable two-year statute of limitations for Section 1983 actions; and

(4) the complaint otherwise fails to state a cognizable Section 1983 claim upon which relief may

be granted.  (Id.)  Objections to the Report and Recommendation were due by November 21,

2013.  On November 26, 2013, Plaintiff filed objections (Doc. No. 26) but the Court concluded

that no timely objections were filed, adopted Magistrate Judge Mehalchick's Report and

Recommendation, and dismissed the complaint with prejudice on November 27, 2013.[4]  (Doc.

No. 27.)

Subsequently, on February 14, 2014, Plaintiff filed a motion for reconsideration pursuant

to Rule 60(b) and (d).  (Doc. No. 36.)  He alleges that the Court erred in concluding that he did

---

[3]  As described by Plaintiff, he wants "the return of the jurisdiction over [P]laintiff's
sentences to the Common Pleas Court of Franklin County whereupon the rights existing under
the law in place at the sentencing event is restored, and where [P]laintiff can petition the court
via a subsequent PCRA petition for an 'order of court' seeking contact with his children."  (Doc.
No. 1 at 25.)

[4]  Plaintiff filed a notice of appeal concerning this Court's order dismissing his complaint
on December 13, 2013.  (Doc. No. 30.)

not file timely objections, as he placed his objections in the prison mail system within the time proscribed, and asks the Court to now consider his objections.  (Id.)  He also reasserts and elaborates on his original objections to the Report and Recommendation, and highlights errors he believes were made by Magistrate Judge Mehalchick in recommending the Court dismiss his complaint.  (Id.)  The motion is fully briefed and ripe for disposition.

## II.    DISCUSSION

The Court will first address Plaintiff's contention that the Court erred in concluding that he did not file timely objections.  The Court will then address Plaintiff's objection to the recommendation that the two-year statute of limitations on Section 1983 actions mandated dismissal of his complaint.  The Court will then address Plaintiff's objection to the recommendation that he did not state viable constitutional claims.  The Court will then address Plaintiff's objection to the recommendation that the Eleventh Amendment and principles of judicial and prosecutorial immunity mandated dismissal of his complaint.  Lastly, the Court will address Plaintiff's objections to the recommendation that this Court did not have jurisdiction over his complaint pursuant to the Rooker-Feldman doctrine.

### A.    Prison mailbox rule

Plaintiff's objections to Magistrate Judge Mehalchick's Report and Recommendation are dated November 18, 2013.  (See Doc. No. 27.)  In his motion for reconsideration, Plaintiff includes a receipt showing that he deposited mail in the prison mailroom on that same day, and that the objections were mailed on November 19, 2013.  (Doc Nos. 36 at 3-4, 36-1.)  Although the objections were received five days after the deadline, the "prison mailbox rule" considers the date of filing to be "when a prisoner transmits documents to prison authorities for mailing."

Spencer v. Beard, 351 Fed. App'x. 589, 590 (3d Cir. 2009).  Accordingly, because Plaintiff's

objections are dated before the November 21, 2013 deadline, Plaintiff's objections are timely.[5]

The Court will therefore proceed to address Magistrate Judge Mehalchick's Report and

Recommendation and Plaintiff's objections thereto, raised in both his initial objections and in his

Rule 60(b) motion.

## B.     Statute of limitations

Magistrate Judge Mehalchick recommends that the Court dismiss Plaintiff's claims with

prejudice as barred by the two-year statute of limitations applicable to Section 1983 actions in

Pennsylvania.  (Doc. No. 25 at 14.)  Plaintiff objects, first, that "because [Plaintiff] does not

challenge the orders issued by Judge Herman . . . the nexus between the court proceedings and

[Plaintiff's] claim in non-existent.  Therefore, the statute of limitations pursuant to [Section]

1983 actions is inapplicable."  (Doc. No. 27 at 4.)  Plaintiff also argues that the continuing

violations doctrine should apply to his case.  (Doc. No. 36 at 8-9.)

---

[5]  The Court reiterates that it does not appear it has the jurisdiction, due to Plaintiff's
notice of appeal, to grant Plaintiff's Rule 60 motion.  See Judkins, 704 F. Supp. 2d at 498-49.
There is merit to Plaintiff's argument that the Court should have considered his objections
timely, and the Court would grant Plaintiff's Rule 60 motion for the limited purpose of
considering Plaintiff's objections if it retained the jurisdiction to do so.  See Fed.R.Civ.P.
62.1(a).  However, the Court also finds there is no merit to Plaintiff's substantive objections to
the Report and Recommendation.  Because the Court finds no basis to grant Plaintiff the ultimate
relief he seeks through his Rule 60 motion – that this Court sustain his substantive objections to
the Report and Recommendation and vacate its adoption of the Report and Recommendation and
dismissal of his complaint – the Court will address the merits of and deny his Rule 60 motion
and objections in this memorandum and accompanying order.  See Judkins, 704 F. Supp. 2d at
498-49 ("[I]n the case of a motion filed under Rule 60(b), the district court retains jurisdiction to
consider and deny, but not grant, the motion."); Fed.R.Civ.P. 62.1(a).  Stated another way, even
if this Court retained jurisdiction to grant Plaintiff's Rule 60 motion, it would still dismiss
Plaintiff's complaint with prejudice.

The Court will overrule Plaintiff's objections.  First, the Court finds no support for Plaintiff's theory that the statute of limitations somehow does not apply to him at all because of the posture of his case; it is well-settled that claims brought pursuant to Section 1983 are plainly subject to the state statute of limitations for personal injury.  See Wilson v. Garcia, 471 U.S. 261, 266-67 (1985).  In Pennsylvania, the statute of limitations for such an action is two years.  See 42 Pa. C.S.A. 5524.  Plaintiff is suing Defendants for alleged civil rights violations that occurred when the court ruled that his PCRA petitions were untimely.  Accordingly, his cause of action was subject to the two year statute of limitations and began accruing when he knew or should have known of the injury upon which its action is based.  Sameric Corp. of Del., Inc. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998).  The Court therefore finds that Plaintiff learned of his alleged injury, at latest, on November 4, 2004 when Judge Herman explained the procedural bar in an opinion, a bar which he again explained in an order dated November 17, 2010.  (See Doc. No. 1-1 at 18-21.)  Accordingly, Plaintiff's complaint, filed May 6, 2013, was outside of the statute of limitations and was therefore untimely.

However, Plaintiff insists that the continuing violations doctrine should be applied to his claims because he filed an additional petition in 2012 that Judge Herman again denied as untimely.  (Doc. No. 36 at 8-9.)  The continuing violations doctrine is an "equitable exception to the timely filing requirement."  Powell v. Palmer Twp., 263 F.3d 286, 292 (3d Cir. 2001).  Thus, "when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period; in such an instance, the court will grant relief for the earlier related acts that would otherwise be time barred."  Id. (quoting Brenner v. Local 514. United Bhd. of Carpenters and Joiners of Am., 927 F.2d 1283,

1295 (3d Cir. 1991). In order to benefit from the doctrine, a plaintiff must establish that the defendant's conduct is "more than the occurrence of isolated or sporadic acts." Id. The Third Circuit has recognized that courts should consider at least three factors: (1) whether the violations constitute the same type of discrimination, tending to connect them in a continuing violation; (2) whether the acts are recurring or more in the nature of isolated incidents; and (3) whether the act had a degree of permanence which should trigger the plaintiff's awareness of and duty to assert his/her rights and whether the consequences of the act would continue even in the absence of a continuing intent to discriminate. See id. The third factor, "degree of permanence," is the most important of the factors. Id.

The Court finds that Plaintiff's isolated act of filing yet another untimely petition in 2012 – which he had been informed years earlier was barred, and which he knew or should have known would be rejected for the same reasons as his earlier petitions – does not constitute a valid invocation of the continuing violations doctrine.[6] See Barnes v. Am. Tobacco Co., 161 F.3d 127, 154 (3d Cir. 1998) ("Continuing conduct of [a] defendant will not stop the ticking of the limitations clock [once] plaintiff obtained requisite information [to state a cause of action]. On discovering an injury and its cause, a claimant must choose to sue or forego that remedy.") Judge Herman's 2004 order expressly informing Plaintiff that his petition was untimely is an act with a degree of permanence, and it absolutely should have triggered an awareness and a duty to assert his rights if Plaintiff felt Judge Herman's conclusion constituted a constitutional violation. McCool v. Snyder Cnty., No. 11-1038, 2014 WL 2930648, at *9 (M.D. Pa. June 27, 2014)

_____

[6] Although its application is certainly not exclusive to such actions, the Third Circuit has observed that "[t]he continuing violations doctrine has been most frequently applied in employment discrimination claims." Powell, 263 F.3d at 292.

(declining to apply continuing violations theory to the plaintiff's Section 1983 claim where

plaintiff "plainly was on notice of both his injury and its cause, at the very latest, in 1998.

Therefore, there clearly are no grounds for tolling the statute of limitations beyond 1998 on a

continuing offense theory.").  Moreover, Plaintiff's allegations all arise out of earlier acts – the

amendment to the PCRA implementing a one-year statute of limitations, and Judge Herman's

ruling that any such petitions by Plaintiff were time barred by the PCRA's one-year statute of

limitations.  Accordingly, the Court finds that Judge Herman's 2012 order <u>yet</u> <u>again</u> rejecting as

untimely a PCRA petition filed by Plaintiff was simply a "perpetuation of the original violation

of due process alleged by [Plaintiff]," and thus does not invoke the continuing violations

doctrine.  <u>See</u> <u>Mumma v. High-Spec, Inc.</u>, 400 F. App'x 629, 632 (3d Cir. 2010).  Thus, the

Court finds no error in Magistrate Judge Mehalchick's recommendation that the Court dismiss

Plaintiff's complaint as barred by the statute of limitations, and this objection provides no basis

for reconsideration of the Court's November 27, 2013 order adopting the Report and

Recommendation.

### C.      Failure to state a claim upon which relief can be granted

#### 1.      Ex post facto violation

Magistrate Judge Mehalchick also recommends that the Court dismiss Plaintiff's Section

1983 claims for failure to state a claim for which relief can be granted because application of the

PCRA's one-year statute of limitations to Plaintiff does not violate the <u>ex</u> <u>post</u> <u>facto</u> clause of the

constitution.  (Doc. No. 25 at 15.)  Plaintiff objects, on the grounds that the <u>ex</u> <u>post</u> <u>facto</u> clause

applies to "application of laws where previously held rights are lost."  (Doc. No. 27 at 5.)

Plaintiff posits that <u>ex</u> <u>post</u> <u>facto</u> concerns are not limited to criminal statutes, but also apply to

diverse "parole rules and court procedures" such as the PCRA statute of limitations.  (Id.; Doc.

No. 36 at 9.)  Plaintiff further argues that Magistrate Judge Mehalchick did not properly apply

the two-part test for determining whether a law is an impermissible ex post facto law, and had

she done so, she would have found Plaintiff's allegations sufficient.  (Doc. No. 36 at 10.)

Plaintiff's objections are unpersuasive, and the Court finds that he has not stated a claim

under his theory that application of the PCRA's statute of limitations violates the ex post facto

clause of the constitution.  Article I, § 10, of the United States Constitution prohibits the States

from passing any "ex post facto Law."  The Clause is aimed at laws that "retroactively alter the

definition of crimes or increase the punishment for criminal acts."  Cal. Dep't of Corr. v.

Morales, 514 U.S. 499, 504, 115 S. Ct. 1597, 1601, 131 L. Ed. 2d 588 (1995). "To fall within the

ex post facto prohibition, a law must be 1) retrospective, that is, it must apply to events occurring

before its enactment; and 2) it must disadvantage the offender affected by it by altering the

definition of criminal conduct or increasing the punishment for the crime."  United States v.

Edwards, 162 F.3d 87, 89 (3d Cir. 1998)

Federal courts in this Circuit as well as the Pennsylvania Supreme Court have routinely

rejected the contention that application of the PCRA's one year statute of limitations constitutes

an ex post facto violation, and this Court will not deviate from their findings.  See, e.g., Barrett

v. Patrick, No. 05-370J, 2006 WL 2077019, at *7 (W.D. Pa. July 24, 2006) (finding that PCRA

statute of limitations does not violate ex post facto prohibition); Com. v. Peterkin, 722 A.2d 638,

643 n.8 (Pa. 1998) ("There is no Ex Post Facto violation [by application of the PCRA statute of

limitations] because the restriction at issue – time for filing – is procedural in nature and does not

fall within the categories of retrospective laws prohibited by the Ex Post Facto clause.");

Contrary to Plaintiff's assertion, the Court finds that application of the one-year statute of limitations for filing petitions under the PCRA does not fall into any of the categories of retroactive laws generally considered prohibited by the ex post facto clause, as it does not impermissibly increase his punishment.[7]   See Landgraf v. USI Film Prods., 511 U.S. 244, 269 (1994) (finding that a statute is not impermissibly retrospective "merely because it is applied in a case arising from conduct antedating the statute's enactment . . . or upsets expectations based in prior law").   Accordingly, the Court finds no error in Magistrate Judge Mehalchick's recommendation that Plaintiff's ex post facto allegations be dismissed for failure to state a claim, and no basis for reconsideration of its November 27, 2013 order adopting the Report and Recommendation.

### 2.      Access to courts

In his Rule 60(b)/60(d) motion, Plaintiff asserts that Judge Mehalchick never considered the merits of his access to courts claim in recommending that his complaint be dismissed for failure to state a claim upon which relief can be granted.  (Doc. No. 36 at 12.)  In his complaint, he avers that his right of access to courts was violated because the PCRA statute of limitations denies him "the right to petition for contact [with his children] . . . [and] the right to have a hearing in support of a motion for contact."  (Doc. No. 1 at 24.)  He also asserts that he has "no other relief available in any state forum or through the federal . . . habeas corpus petition" than his Section 1983 action.  (Doc. No. 27 at 6.)  The Court has now re-considered Plaintiff's access

---

[7]   See Collins v. Youngblood, 497 U.S. 37, 52 (1990) (holding that rule did not violate the ex post facto clause where it:" [1]did not punish as a crime an act previously committed, which was innocent when done; [2] nor make more burdensome the punishment for a crime, after its commission; [3] nor deprive one charged with crime of any defense available according to law at the time when the act was committed.").

to courts allegations, and finds that he has not stated a claim under such a theory.

"[P]risoners have a constitutional right of access to the courts." Bounds v. Smith, 430 U.S. 817, 821 (1977).  However, prisoners may only proceed on access to courts claims in two types of cases: challenges (direct or collateral) to their sentences and conditions of confinement. Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008).  Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an "actual injury" in that they lost a chance to pursue a "nonfrivolous" or "arguable" underlying claim; and (2) that they have no other "remedy that may be awarded as recompense" for the lost claim other than in the present denial of access suit.  Id. at 205-06 (citing Christopher v. Harbury, 536 U.S. 403, 415 (2002)).  To that end, prisoners must satisfy certain pleading requirements to bring an access to courts claim: the complaint must describe the underlying arguable claim well enough to show that it is "more than mere hope," and it must describe the "lost remedy."  Id.

The Court finds that there is no merit to Plaintiff's argument that the statute of limitations' bar to filing a new PCRA petition deprives him of meaningful access to the Court. See U.S., ex rel. Lipchey v. Corbett, No. 06-989, 2007 WL 2428662, at *9 (W.D. Pa. Aug. 22, 2007) (rejecting claim that PCRA statute of limitations violates right of access to the Court and observing that "enforcement of the one year statute of limitations no more denies Petitioner access to the courts than does . . . enforcing the thirty day appeal period in the federal courts"). Plaintiff had an opportunity to file a PCRA petition, provided that he did so within the applicable statute of limitations.  See Cadmus v. United States, No. 08-1273, 2009 WL 1532059, at *4 (M.D. Pa. June 1, 2009) aff'd, 356 F. App'x 559 (3d Cir. 2009) ("[W]e fail to see how the statute

of limitations [for seeking <u>habeas</u> relief] burdens Plaintiff's access to the courts because it does not prevent him or any other inmates from maintaining claims, provided that they file same in a timely fashion.); <u>see also</u> <u>Ciccarelli v. Carey Canadian Mines, Ltd.</u>, 757 F.2d 548, 554 (3d Cir. 1985) (rejecting a claim that a state statute of limitations denied access to courts and holding that "[t]here is no absolute and unlimited constitutional right of access to courts. All that is required is a reasonable right of access – a reasonable opportunity to be heard."). Plaintiff has not been deprived access to the courts by virtue of the statute of limitations for seeking post-conviction collateral relief.

Moreover, the Court finds that Plaintiff has not pled actual injury in support of his access to courts claim. A plaintiff's pleadings must be sufficiently specific to ensure that the district court can ascertain that the claim is not frivolous and that the "the 'arguable' nature of the underlying claim is more than hope." <u>See</u> <u>Monroe</u>, 536 F.3d at 205-06; <u>Sabo v. Patterson</u>, No. 04-717, 2007 WL 1454266 (W.D. Pa. May 17, 2007). However, the allegations in Plaintiff's complaint proffer nothing more than "mere hope" that he could receive the relief he seeks if his PCRA petition were not time-barred. Stated another way, Plaintiff pleads no facts which allow the Court to conclude that his underlying claim under the PCRA is meritorious. <u>See</u> <u>Monroe</u>, 536 F.3d at 206 ("Even liberally construing their complaints as we must do for <u>pro se</u> litigants, they do not sufficiently allege that they have suffered an actual injury."); <u>Diaz v. Fed. Bureau of Prisons</u>, No. 12-1810, 2013 WL 1246793, at *5 (M.D. Pa. Mar. 7, 2013) ("[Plaintiff's] pleadings do not sufficiently describe his state claims in a fashion which would permit any informed judgment regarding whether his underlying legal claims were anything more than a "'mere hope.'"). Accordingly, the Court finds he has not stated an access to courts claim.

### 3.      Due process

In his Rule 60(b)/60(d) motion, Plaintiff also asserts that Magistrate Judge Mehalchick never considered the merits of his procedural due process claim in recommending that he did not state a claim for which relief can be granted.  (Doc. No. 36 at 12.)  Plaintiff argues that he has been deprived of a liberty interest; specifically, the "liberty to file a PCRA seeking contact with his children and that the court could entertain the petition."  (Doc. No. 37 at 7-8.)  The Court has now re-considered Plaintiff's due process allegations, and finds that he has not stated a claim. To state a claim under Section 1983 for the deprivation of procedural due process rights, a plaintiff must allege (1) a deprivation of a protectable liberty or property interest and (2) that the procedures available did not provide due process of law.  Pence v. Mayor and Twp. Comm. of Bernards Tp., 453 F. App'x 164, 166–67 (3d Cir. 2011) (citing Hill v. Borough of Kutztown, 455 F.3d 225, 233-34 (3d Cir. 2006)).

The Court finds no support for the proposition that Plaintiff has a protectable right to file a motion for post-conviction relief free of time limitation.  Contrary to Plaintiff's assertion, there is no constitutional obligation on the states to provide post-conviction proceedings at all. Pennsylvania v. Finley, 481 U.S. 551, 557 (1987) (noting that states have no obligation to provide post conviction proceedings as an avenue of relief); United States v. MacCollom, 426 U.S. 317, 323 (1976) (holding that "the Due Process Clause of the Fifth Amendment does not establish any right to an appeal and certainly does not establish any right to collaterally attack a final judgment of conviction").

However, although states have no obligation to provide post-conviction relief such as a PCRA petition, when they do, due process requires that the procedures comport with

fundamental fairness.  Pennsylvania v. Finley, 481 U.S. 551, 557 (1987).  Accordingly, for

Pennsylvania's procedures to violate due process, they "must offend some principle of justice so

rooted in the traditions and conscience of our people to be ranked as fundamental or they must

transgress a recognized principle of fundamental fairness in operation."  Wagner v. Dist.

Attorney Allegheny Cnty., Pa., No. 11-762, 2012 WL 2090093, at *15 (W.D. Pa. May 21, 2012)

(citing Medina v. California, 505 U.S. 437, 446 (1992)).  The Third Circuit has recognized that a

statute of limitations does not violate due process where the limitation period is reasonable.  See

Ciccarelli v. Carey Canadian Mines, Ltd., 757 F.2d 548, 555 (3d Cir. 1985).

 With these facts established, federal courts in this Circuit as well as the Pennsylvania

Supreme Court have repeatedly held that the PCRA's one year statute of limitations raises no

due process concerns.  See Malone v. Coleman, No. 09-2656, 2010 WL 891031, at *1 n.1 (E.D.

Pa. Mar. 5, 2010) ("Petitioner fails to establish how the one-year limitation does not constitute a

reasonable restriction on his right to obtain post-conviction collateral relief, particularly since

both the PCRA and federal habeas statutes provide exceptions which permit a petitioner to

submit newly discovered claims that could not have been earlier discovered with reasonable

diligence."); U.S., ex rel. Lipchey v. Corbett, No. 06-989, 2007 WL 2428662, at *8 (W.D. Pa.

Aug. 22, 2007); Com. v. Peterkin, 722 A.2d 638, 643 (Pa. 1998) ("There is no due process

violation [by application of the PCRA's one-year statute of limitations], for . . . the time for

filing restriction is reasonable.").  The Court agrees that the one-year restriction on filing a

PCRA petition provides a reasonable chance to be heard, and thus comports with due process.

See Malone, 2010 WL 891031 at *1 n.1; see also Ciccarelli, 757 F.2d at 554.  Because

application of the PCRA statute of limitations does not deprive Plaintiff of due process of law,

the Court finds he does not state a viable due process claim.

> **D.** **Immunity**

Magistrate Judge Mehalchick also recommends that the Court dismiss Plaintiff's Section 1983 claims based on Eleventh Amendment, judicial, and prosecutorial immunity defenses. (Doc. No. 25 at 10-14.)  Plaintiff objects on the grounds that an exception to Eleventh Amendment immunity applies because he is seeking prospective relief from an ongoing violation of federal law.  (Doc. No. 27 at 2-3.)

The Court finds Plaintiff's immunity objections without merit and will deny the motion to reconsider on this basis.  First, as Magistrate Judge Mehalchick indicated, a suit against a state official in his official capacity is deemed a suit against the state, and the real party in interest in such a suit is the government entity of which the official is an agent.  See Kentucky v. Graham, 473 U.S. 159, 166 (1985); Hafer v. Melo, 502 U.S. 21, 26 (1991).  However, the Eleventh Amendment to the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court, regardless of the relief sought.  Capogrosso v. The Supreme Court of N.J., 588 F.3d 180, 185 (3d Cir. 2009).  There are three "narrowly circumscribed" exceptions to Eleventh Amendment immunity: (1) abrogation by Act of Congress; (2) waiver by state consent to suit; and (3) suits against individual state officials for prospective relief to remedy an ongoing violation of federal law.  M.A. ex rel. E.S. v. State-Operated Sch. Dist. of City of Newark, 344 F.3d 335, 345 (3d Cir. 2003).  Plaintiff asserts that his allegation arises under the third exception.  See Capogrosso, 588 F.3d at 185 ("This immunity does not extend to individual state officers sued in their individual capacities for prospective injunctive or declaratory relief to remedy ongoing violations of federal law.").  However, as the Court

explained in Section III.C., supra, Plaintiff has not sufficiently alleged any ongoing violation of

federal law by either individual Defendant.[8]   See Walker v. Beard, 244 F. App'x 439, 441 (3d

Cir. 2007) (quoting Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1097–98 (11th Cir. 2004))

(upholding grant of a motion to dismiss because "if the plaintiff's rights have not been violated,

he is not entitled to any relief, injunctive or otherwise").   Accordingly, the Court finds no error

in Magistrate Judge Mehalchick's recommendation that many of Plaintiff's claims were barred

by Eleventh Amendment immunity, and this objection provides no basis for reconsideration of

the Court's order adopting the Report and Recommendation.

Additionally, the Court also finds no error in Magistrate Judge Mehalchick's conclusion

that judicial immunity also barred any potential claims against Judge Herman.   "A judicial

officer in the performance of his duties has absolute immunity from suit and will not be liable for

his judicial acts."   Capogrosso, F.3d at 184 (quoting Azubuko v. Royal, 443 F.3d 302, 303 (3d

Cir. 2006)).   "A judge will not be deprived of immunity because the action he took was in error,

was done maliciously, or was in excess of his authority; rather, he will be subject to liability only

when he has acted 'in the clear absence of all jurisdiction.'"   Id. (quoting Stump v. Sparkman,

435 U.S. 349, 356–57 (1978)).   Plaintiff does not allege that Judge Herman did not act within the

performance of his judicial duties, nor does Plaintiff allege that Judge Herman acted in the clear

absence of all jurisdiction.   Rather, Plaintiff's allegations arise from Judge Herman's decision to

---

[8]   The Court is also skeptical that the relief requested by Plaintiff – that this Court force
the state court to re-hear a petition it denied as untimely – actually qualifies as "prospective
relief" under the third exception to Eleventh Amendment immunity.   See Goodson v. Maggi, 797
F. Supp. 2d 604, 622-24 (W.D. Pa. 2011) (finding that Plaintiff's relief was not prospective and
did not end an ongoing violation of law where it was "purely an attempt by [the plaintiff] to have
this Court review the prior decisions of the state court judges, which it is not empowered to do").

dismiss Plaintiff's PCRA petition as untimely, a judicial act undertaken in the performance of his duties, and which act Plaintiff claims violated his civil rights.  See id. (concluding that judicial immunity applies where "all of the allegations against [Defendant judges] related to actions they took as judges"); see also Johnson v. State of N.J., 869 F. Supp. 289, 294 (D.N.J. 1994) ("The policies underlying judicial immunity, indicate the immunity should be granted in a case such as this one where a dissatisfied litigant seeks an injunction compelling a judge to alter his former decision.").  Accordingly, the Court finds this objection provides no basis for reconsideration of the Court's order adopting the Report and Recommendation.

The Court additionally finds no error in Magistrate Judge Mehalchick's conclusion that prosecutorial immunity served to bar claims against Defendant Fogal.  The Supreme Court has held that state prosecutors are absolutely immune from liability under Section 1983 for actions performed in a quasi-judicial role.  See Imbler v. Pachtman, 424 U.S. 409, 431 (1976).  "This immunity extends to acts that are intimately associated with the judicial phase of the criminal process, such as initiating a prosecution and . . . presenting the State's case."  Yarris v. Cnty. of Del., 465 F.3d 129, 135 (3d Cir. 2006) (internal citations and quotations omitted). "Ultimately, whether a prosecutor is entitled to absolute immunity depends on whether she establishes that she was functioning as the state's "advocate" while engaging in the alleged conduct that gives rise to the constitutional violation.  Id. at 135-36 (citing Buckley v. Fitzsimmons, 509 U.S. 259, 274 (1993)).  Here, Plaintiff's allegations against Defendant Fogal arise out of Fogal's opposition to Plaintiff's PCRA petition, and therefore arise pursuant to Fogal's prosecutorial role as advocate for the government.  Plaintiff makes no argument to the contrary.  Accordingly, the Court finds this objection provides no basis for reconsideration of the Court's order adopting the

Report and Recommendation.

     **E.**     **Rooker-Feldman doctrine**

     In adopting Magistrate Judge Mehalchick's Report and Recommendation, the Court accepted the recommendation that the complaint be dismissed for lack of jurisdiction under the Rooker-Feldman doctrine.  (Doc. No. 25 at 6-10.)  Plaintiff objects, first, because he insists he "did not invite the court to review a rejection of a state court judgment," but rather brings an independent claim.  (Doc. No. 27 at 1.)  Moreover, he objects on the grounds that his constitutional claim was never actually litigated and, therefore, he insists the constitutional claims in his complaint are not barred by Rooker-Feldman.  (Doc. No. 36 at 6.)

     A claim is barred by Rooker–Feldman under two circumstances; first, if the federal claim was actually litigated in state court prior to the filing of the federal action or, second, if the federal claim is inextricably intertwined with the state adjudication, meaning that federal relief can only be predicated upon a conviction that the state court was wrong.  In re Knapper, 407 F.3d 573, 580-81 (3d Cir. 2005) (citations omitted).  In either instance, Rooker–Feldman bars a litigant's federal claims and divests the District Court of subject matter jurisdiction over those claims.  Id.  Plaintiff is correct that his constitutional claims were not actually litigated in state court; rather, the state court dismissed his petition for lack of jurisdiction and Plaintiff now brings this lawsuit alleging that dismissing his claims as untimely violated his civil rights.  Plaintiff is incorrect, however, to the extent he asserts that failure to litigate his constitutional claims in state court is necessarily dispositive of the Rooker-Feldman analysis.  Rather, even though his constitutional claims were not litigated, Rooker–Feldman still applies if his constitutional claim is "inextricably intertwined" with the state court adjudications.  See Knapper

at 581.  A federal claim is considered inextricably intertwined with an issue adjudicated by a state court where: (1) the federal court must determine that the state court judgment was erroneously entered in order to grant the requested relief, or (2) the federal court must take an action that would negate the state court's judgment.  Id.

The Court finds that Plaintiff's complaint is inextricably intertwined with the state court's ruling dismissing his PCRA petition as untimely.[9]  As Magistrate Judge Mehalchick notes, "in order to grant relief on Plaintiff's claim, this Court would be required to find that the state court judgments were invalid and/or entered in violation of law."  (Doc. No. 25 at 9-10.)  Indeed, in his complaint Plaintiff expressly requests that the Court "restore jurisdiction of the sentencing court so that Plaintiff may file a motion seeking contact."  (Doc. No. 1 at 3.)  In order to do so, this Court must void the state court's determination that it did not have jurisdiction and force the state court to hear the claims it dismissed and declined to consider.  Under Rooker-Feldman, the Court simply may not do this.  See Van Tassel v. Lawrence Cnty. Domestic Relations Sections,

_____

[9]  The Court also rejects Plaintiff's argument that Magistrate Judge Mehalchick misapplied the Rooker-Feldman test to his claim because there was no state court "judgment." (Doc. No. 37 at 3-4.)  The Court construes this objection as an argument that the state court's determination that it had no jurisdiction over the petition because it was untimely is not a "judgment" subject to the Rooker-Feldman doctrine.  "The Rooker-Feldman doctrine prohibits District Courts from adjudicating actions in which the relief requested requires determining whether the state court's decision is wrong or voiding the state court's ruling." Walker v. Horn, 385 F.3d 321, 329 (3d Cir. 2004).  See Knapper, 407 F.3d at 580 ("The Rooker-Feldman doctrine has been applied to final decisions of lower state courts.").  The Court finds no support for Plaintiff's proposition that Judge Herman's determination that the statute of limitations barred his claim is not a decision or "judgment" subject to the limitations of Rooker-Feldman where, as here, it is that very decision being challenged.  Plaintiff is expressly asking this Court to intervene and to require the state court to reverse its order stating that it did not have jurisdiction, and to force the state court to hear his claim.  This is precisely the kind of action barred by Rooker-Feldman.  See Walker, 385 F.3d at 330 ("Rooker-Feldman does not allow a plaintiff to seek relief that, if granted, would prevent a state court from enforcing its orders").

390 F. App'x 201, 203 (3d Cir. 2010) (finding that an action requesting that the district court enjoin enforcement of a state court's ruling and "award preliminary and permanent declaratory . . . relief" from that order is "inextricably intertwined with the state court proceeding, as it would require the district court to conclude that the state court made an incorrect legal and/or factual determination and would effectively reverse the state decision or void its ruling").[10]

## III.    CONCLUSION

After review of the Report and Recommendation and Plaintiff's objections thereto, the Court will deny Plaintiff's motion and reaffirm its adoption of Magistrate Judge Mehalchick's recommendation that Plaintiffs' complaint be dismissed with prejudice in its entirety as alternatively: (1) barred by the statute of limitations, (2) failing to state a claim for which relief, (3) barred by Eleventh Amendment, judicial and prosecutorial immunity, and (4) barred by the Rooker-Feldman doctrine.  The Court also finds that Plaintiff's motion pursuant to Rule 60(b)/(d) similarly provides the Court with no basis to alter its earlier order dismissing Plaintiff's

---

[10]  Plaintiff additionally argues in his Rule 60(b)/60(d) motion that his petition needs to be readjudicated because a fraud has been committed on the Court.  (Doc. No. 41 at 1-2.)  Specifically, Plaintiff argues that Defendant Judge Herman's attorney committed fraud by improperly arguing in his motion to dismiss Plaintiff's complaint that Rooker-Feldman barred Plaintiff's action.  (Id.)  Plaintiff asserts that because Rooker-Feldman clearly does not apply to his claims, and that counsel knew it was inapplicable, this was therefore a "fraudulent defense." (Id.)  In order to meet the "necessarily demanding standard" for proof of fraud upon the court, there must be: (1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court.  Herring v. United States, 424 F.3d 384, 386-87 (3d Cir. 2005).  A determination of fraud on the court may be justified only by "the most egregious misconduct directed to the court itself," and it "must be supported by clear, unequivocal and convincing evidence."  Id.  As an initial matter, the Court finds that the Rooker-Feldman defense raised by counsel had merit.  In the alternative, even if defense counsel was incorrect in his position that Rooker-Feldman applied to bar Plaintiff's claims, there is no merit to Plaintiff's contention that raising an arguable-but-incorrect legal position constitutes fraud or "the most egregious misconduct directed to the court itself."  See id.

complaint and closing the case.  Even if this Court retained jurisdiction to grant Plaintiff's Rule

60 motion, which the Court does not believe is the case, it would still dismiss Plaintiff's

complaint with prejudice.[11]  Accordingly, the case will remain closed.  An order consistent with

this memorandum follows.

---

[11]  See Judkins, 704 F. Supp. 2d at 499 ("There is no basis on which this court would grant [Petitioner] any relief under Rule 60(b), and therefore we deny the motions, regardless of any questions surrounding our authority to grant them due to the pending appeals."); Fed.R.Civ.P. 62.1(a)(2).